UNITED STATES OF AMERICA v. GILLESPIE and another, Executors, etc.

*(Circuit Court, D. New Jersey. July 20, 1881.)*

1. EQUITY—NECESSARY PARTIES—DEVISEE.

One who, in a certain event, may be interested in the disposition of the estate of a decedent, is not a necessary party to a bill brought by a devisee against the executors praying for an account and a construction of the will.

*W. B. Williams,* for the application.

*A. Q. Keasbey,* for the United States.

NIXON, D. J. The bill of complaint was filed in this case by the United States against the executors of Joseph L. Lewis, deceased, substantially, for an account and for a construction of the last will and testament of the testator. The executors only are brought in as defendants. An application is now made in behalf of the official authorities of the city of Hoboken, for an order of the court requiring the complainant to make the city, or the overseer of the poor, a party to the proceedings, that an answer and defence may be put in in behalf the municipality. The complainants oppose the motion, on the ground that the applicant is not a necessary party, and that the court ought not to compel them to introduce a party whose presence is not needed to enable the court to give the full relief prayed for in the bill of complaint. It is not always easy to ascertain who are proper or necessary parties in an equity proceeding. It is sometimes said that every one should be made a party who has an interest in the *subject-matter* of the suit; and again, it is claimed that only those should be included who are interested in the *object* of the suit. The applicant here claims the right to come in under the provisions of section 9 of the act of the legislature of the state of New Jersey, entitled "An act concerning executors and the administration of in-

testate estates." Rev. St. N. J. 395. I express no opinion now on the question so much discussed at the hearing, whether the statute has any application to the case under consideration; but if it does apply, it is quite clear that the applicant can get no relief in the present proceedings, if admitted as a defendant, without materially changing the structure of the bill and introducing into the controversy new issues, which the complainant has not asked the court to consider.

It is not claimed that the applicant is a necessary party to the bill as filed, or that the court cannot give complete relief therein without its presence. No allegation is made against it, and no relief is prayed for in regard to it. The suggestion is that in a certain event, to-wit, in the event of the said Lewis dying and leaving no relations entitled to the administration and the assets of the estate, the surrogate of the county may grant letters of administration to some fit person, who shall hold the property in trust for the poor of the city of Hoboken, if no kin capable of inheriting the estate can be found. This necessarily involves the inquiry into a new question, not at all pertinent to the pending suit, in regard to the right of inheritance of the intestate's kin, and one, which is of no importance to the complainant. Its only concern is to ascertain from some competent tribunal whether the bequest of the testator of his estate for the payment of the national debt is a valid bequest; and if so, what amount of money is in the hands of the executors to be applied for the purpose.

While the United States are not entitled to any greater right in their own courts than the humblest citizen, they are entitled to the same rights; and I know of no principle or precedent which compels litigants, against their express protest, to open the doors of a pending controversy to outside parties, that the latter may incorporate into the suit new matters and issues in which the complainant has no possible interest.

The application is refused.